IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CT-3317-H

| | |
|---|---|
| DAVID Q. BIGGS, SR., <br>     Plaintiff, <br><br> v. <br><br> CAPTAIN D. EVERETTE; VICTOR LOCKLEAR; and VICKI L. COURTNEY; all in both their individual and official capacities, <br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )     **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, a state inmate proceeding pro se, brings this action under 42 U.S.C. § 1983. [D.E. #1]. Plaintiff has been granted leave to proceed without prepayment of fees. [D.E. #5]. This matter is now before the court on frivolity review.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist."

Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (internal quotation marks omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff is incarcerated at Pamlico Correctional Institution in Bayboro, North Carolina, and complains of false disciplinary charges filed by Captain D. Everett, Sergeant A. Wilson, and Mr. Gary D. Garner (hereinafter "alleged retaliators") at the facility in retaliation against plaintiff's filing of grievances. Specifically, plaintiff claims the alleged retaliators filed disciplinary charges against him on November 17, 2014 on the basis that he allegedly provided his "PIN Number" to another inmate so that he could make a phone call. Plaintiff asserts the charges are false and were filed in

2

retaliation for "grievances"[1] he had previously submitted to prison officials on September 4, 2014 and November 7, 2014 regarding unauthorized use of his "telephone account."

Retaliation against an inmate for the exercise of a constitutional right states a § 1983 claim. <u>American Civ. Liberties Union v. Wicomico County</u>, 999 F.2d 780 (4th Cir. 1993). The prisoner, however, must set forth specific facts which form the basis of his allegation of a retaliation motive behind the defendants' actions. <u>White v. White</u>, 886 F.2d 721 (4th Cir. 1989). A bare assertion of retaliation does not state a claim under § 1983. See <u>Adams v. Rice</u>, 40 F.3d 72, 74-75 (4th Cir. 1994). Claims of retaliation are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." <u>Adams</u>, 40 F.3d at 74.

In the instant case, plaintiff does not set forth specific facts showing he exercised a constitutional right against which a defendant took retaliatory action. Particularly, plaintiff does not allege any specific facts demonstrating that defendants' filing of a disciplinary action against him had any connection to a "grievance" plaintiff had previously filed. Even

---

[1] Although plaintiff categorizes his submissions as "grievances" occasionally in his complaint, he also categorizes them as "requests" which the documents attached to his complaint appear to confirm. Therefore, plaintiff does not state sufficient facts to warrant a finding that he actually filed a grievance pursuant to an official prison grievance process.

3

Case 5:14-ct-03317-H   Document 6   Filed 04/20/15   Page 3 of 4

if plaintiff exercised a constitutional right in filing his requests to which a defendant responded by filing a purportedly false disciplinary action against the plaintiff, which this court does not accept, the mere fact that the two events occurred in sequence is not enough to state a retaliation claim under § 1983. See Adams, 40 F.3d at 74-75; Brown v. Angelone, 983 F.Supp. 340, 347 (W.D. Va 1996) ("The mere fact that the two events occurred within ten days of each other is not enough to state a retaliation claim under § 1983."). Furthermore, plaintiff does not allege any facts to connect defendants Locklear and Courtney to the filing of the disciplinary charges.

Therefore, plaintiff does not state a claim for which relief may be granted. Because plaintiff does not state a claim for which relief may be granted, the defendants, even if they qualify as supervisors, also cannot incur supervisory liability under § 1983 for the alleged offenses.

For the foregoing reasons, plaintiff's complaint [D.E. #1] is DISMISSED as frivolous. The clerk is directed to close this case.

This 20th day of April 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

4